IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ELRICK HARRIS;** | | ) |
| | | ) |
| **Plaintiff,** | | ) |
| | | ) |
| **v.** | | ) |
| | | ) |
| | | ) |
| **OPTION ONE MORTGAGE CORPORATION;** | | ) |
| **H&R BLOCK MORTGAGE CORPORATION;** | | ) |
| **PREMIER MORTGAGE FUNDING, INC.; and** | | ) |
| **MORGAN TITLE SERVICE, LLC;** | | ) |
| | | ) |
| **Defendants.** | | ) |

Civil Action No.:
2:06CV630- ID

**DEMAND FOR JURY TRIAL**

## COMPLAINT

### PARTIES

1.      Plaintiff **ELRICK HARRIS** is an individual over the age of nineteen (19) years and resides in Montgomery County, Alabama.

2.      Defendant **OPTION ONE MORTGAGE CORPORATION (OPTION ONE)** is a California corporation qualified to do business in Alabama.  Option One is a wholly-owned and controlled subsidiary of co-defendant H & R Block.  Option One is, among other things, the wholesale lending or table funding lender which originates, processes, underwrites, renders credit decisions, closes and funds mortgage loans for sale or assignment to their parent H & R Block.

3.      Defendant **H&R BLOCK MORTGAGE CORPORATION (H&R BLOCK)** is a Massachusetts corporation qualified to do business in Alabama.  Upon information and belief, H & R Block formed Option One for the purpose of expanding H & R Block's penetration of the national subprime mortgage lending market.

4.      Defendant **PREMIER MORTGAGE FUNDING, INC. (PREMIER)** is a Florida corporation qualified to do business in Alabama.  Premier is a mortgage broker which in this case, originated the mortgage loan at issue.  Upon information and belief, Premier sold,

assigned, or otherwise transferred the loan application in this case to Option One pursuant to a pre-determined correspondent lending and/or authorized agent/broker agreement.

5.    Defendant **MORGAN TITLE SERVICE, LLC (MORGAN)** is an Alabama limited liability corporation formed in Jefferson County, Alabama. Morgan performed the "closing" of the mortgage loan at issue. At all times complained of herein, Morgan was the retained agent of Option One and Premier Mortgage.

## JURISDICTION and VENUE

6.    This court has federal question jurisdiction over the issues herein pursuant to 15 U.S.C. § 1601 *et. seq.*, the Truth In Lending Act; 12 U.S.C. § 2601, the Real Estate Settlement Procedures Act; 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act; and 15 U.S.C. § 1691 *et seq.*, the Equal Credit Opportunity Act.

7.    The court has pendent jurisdiction over the state law claims contained herein.

8.    The Court has personal jurisdiction over Plaintiff as a resident of Montgomery County, Alabama.

9.    The Court has personal jurisdiction over all Defendants as Alabama corporations and/or qualified Alabama corporations.

10.    Venue is proper in this Court in that Plaintiff is a resident of Montgomery County, Alabama; the real property made the basis of this action is situated in Montgomery County, Alabama; the transaction made the basis of this action occurred in Montgomery County, Alabama; and Defendants OPTION ONE, H&R BLOCK, PREMIER, and MORGAN have engaged in continual and systematic business dealings within Montgomery County, Alabama.

## FACTUAL ALLEGATIONS

11.    Sometime before July 22, 2005, Plaintiff made application through Premier for a refinance of the existing mortgage loan on his property located at 4461 South Slauson Circle, Montgomery, Alabama 36106.

2

12.    Plaintiff had dealings with Todd Colvin, a purported "Mortgage Banker" employed by Premier. *(See Colvin's business card attached hereto as Exhibit "A")*

13.    Plaintiff's interest in refinancing his existing mortgage was based upon his need to release his ex-wife from the then existing mortgage pursuant their recent divorce agreement. Plaintiff also desired to receive a cash-out of some of the equity in the property.

14.    After accepting and evaluating Plaintiff's properly and fully submitted application for credit, Todd Colvin informed Plaintiff that he would receive at least $3,000.00 in cash at closing. Plaintiff also applied for and was told by Colvin that his loan would be a fixed rate loan. Upon information and belief, the resulting loan is a variable rate mortgage.

15.    Plaintiff denies receiving any written pre-closing disclosures which in anyway advised him of the terms, or even estimated terms of his loan prior to closing.

16.    On or about July 22, 2005, Plaintiff met with an employee of Morgan Title at a Captain D's restaurant in Montgomery to "close" the mortgage loan. Plaintiff was rushed through a confusing process by the Morgan Title employee. When Plaintiff inquired as to why an attorney was not present, the Morgan Title employee told Plaintiff if an attorney gets involved it would cost Plaintiff $500.00.

17.    Morgan Title engaged in the unauthorized practice of law during the closing of this loan.

18.    Plaintiff was told by the Morgan Title employee at Captain D's that she would complete the paperwork at her office and send Plaintiff his copies. Plaintiff was not provided with any of the documents that he signed that day, and has not to the date of filing this complaint received any of his closing documents regarding this mortgage loan.

19.    Plaintiff has received monthly statements from Option One indicating that the loan number assigned to this transaction is 0017972605.

20.    Approximately one week after the "closing," Plaintiff received a check in the amount of $95.21 drawn on a Morgan Title checking account bearing a stamped signature of Ernest N. Blasingame. *(See check and outside of envelope attached hereto as Exhibit "B")*

3

Plaintiff telephoned Todd Colvin to inquire as to why he only received $95.21 when he was promised at least $3,000.00 in cash-out funds. Colvin responded: "I thought you needed this loan?"

21.    Upon information and belief, much if not all of Plaintiff's equity was used to pay exorbitant broker and lender fees, including "junk fees," to Premier, Option One and Morgan Title.

22.    H & R Block and Option One failed to conduct reasonable due diligence on their originating broker Premier. Without engaging the services of a professional quality control or due diligence investigation company, and/or one of the many mortgage broker reference services, the following information was readily accessible to H & R Block and Option One:

A.    Premier has a history of high default rates which approach a level of almost *2,300 percent higher* than the national average when compared with similar loan types (FHA/HUD) originated in certain markets Premier operates in. High default rates are a reliable indicia of fraud in the origination process. Although the loan at issue in this case is not a FHA/HUD insured mortgage loan, the "Neighborhood Watch" and "Early Warnings" resource pages within the Department of Housing and Urban Development's website is a readily available source for investigating the character and performance of mortgage brokers which wholesale lenders elect to do business with. *(See Neighborhood Watch report for period ending June 30, 2005 regarding Premier Mortgage attached hereto as Exhibit "C")*

B.    Upon information and belief, the FHA terminated the origination authority of 529 of Premier's 843 branches. *(See Neighborhood Watch report attached hereto as Exhibit "D")*

C.    Premier is engaged in the brokering of mortgage loans in the state of Alabama but has not obtained an Alabama Mortgage Broker's License to do so. *(See list of licensed mortgage brokers downloaded from the Alabama Banking Department's Bureau of Loans website attached hereto as Exhibit "E")*

4

D.    A survey of the U.S. Parties Index on the federal court system's PACER reveals nine (9) lawsuits involving Premier from January 2004 to May 2006. Six (6) of those lawsuits pre-date the origination of the loan at issue in this case and most include allegations of serious fraud and misfeasance. *(See printout of filed actions from the PACER website attached hereto as Exhibit "F")*

E.    A survey of the Alabama SJIS System includes a 2003 case identified only as a "conversion" claim. The case tried to a jury verdict of $127,000.00 in March 2006. *(See SJIS Case detail attached hereto as Exhibit "G")*

23.    All Defendants failed to provide the Plaintiff with reasonably accurate estimates or complete information about his specific loan in contravention of the expressed intent of the Truth in Lending Act at 15 U.S.C. § 1601(a).

24.    Defendants are engaged in a pattern and practice of willfully and knowingly providing false and inaccurate information to consumers in order to "bait" and lure them into a series of decisions based upon false and misinformation. The deal is switched to a more costly loan at closing when the consumers are least able financially and emotionally to resist the hard sell tactics of the Defendants.

25.    Upon information and belief, the Defendants unilaterally switched the loan from a fixed rate note to an adjustable rate note without providing Plaintiff with the required pre-closing disclosures regarding variable rate mortgages.

26.    The Defendants failed to provide the Plaintiff with ANY Right to Cancel forms at the time of closing as required by 15 U.S.C. § 1635 *et seq.*

27.    The Defendants made an adverse decision on Plaintiff's loan application by offering a substantially different loan product and loan terms.

28.    The transaction included excessive and junk fees, a higher annual percentage rate, and was in-opposite to what Defendants had represented in telephone conversations in which oral representations about his specific loan terms were made to Plaintiff.

## COUNT I

### Negligence

29.     Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

30.     All named Defendants were negligent in the marketing, origination, processing, underwriting, closing, and funding of Plaintiff's mortgage application and loan. Their conduct fell below the standard of care for mortgage lenders, brokers and title agents. As a direct and proximate result, Plaintiff was damaged as set out below. To the extent Defendants' conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

31.     All named Defendants negligently performed quality control on loan files they originated, processed, underwrote, closed, funded, and/or purchased. Their conduct fell below the standard of care for mortgage lenders or investors in mortgage loans. As a direct and proximate result, Plaintiff was damaged as set out below. To the extent the Defendants' conduct was reckless or wanton, Plaintiff seeks punitive damages.

32.     Defendant Premier undertook to volunteer and provide oral pre-closing disclosures to Plaintiff about the terms applicable to his specific loan. They did so negligently by failing to timely, accurately, and completely inform Plaintiff of the details and costs of the transaction. Their conduct fell below the standard of care for mortgage lenders and brokers. As a direct and proximate result, Plaintiff was damaged as set out below. To the extent Defendants' conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

33.     Defendants Premier and Option One negligently, recklessly or intentionally failed to provide Plaintiff with written pre-closing disclosures detailing the terms, or estimated terms, of his loan. Their conduct fell below the standard of care for mortgage lenders and brokers. As a direct and proximate result, Plaintiff was damaged as set out below. To the extent Defendants' conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

34.    Defendants Premier, Option One and Morgan Title negligently, recklessly or intentionally failed to provide Plaintiff with copies of the closing documents at closing. Their conduct fell below the standard of care for mortgage lenders, title agents and brokers. As a direct and proximate result, Plaintiff was damaged as set out below. To the extent Defendants' conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages

35.    Defendants Premier, Option One and Morgan Title negligently or recklessly misrepresented and/or concealed the terms of Plaintiff's loan. Their conduct fell below the standard of care for mortgage lenders and brokers. As a direct and proximate result, Plaintiff was damaged as set out below. To the extent Defendants' conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

36.    Although under no duty to so, all named Defendants undertook to originate, process, close, fund, purchase and service a mortgage loan for Plaintiff. They did so negligently or recklessly and, as a proximate result, Plaintiff was injured as set forth below. To the extent Defendants' conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

37.    Defendant H & R Block negligently managed, supervised, trained and/or instructed its agent and subsidiary Premier in the origination, processing, underwriting, closing and funding of mortgage loans. To the extent Defendants' conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

38.    Defendant Option One negligently failed to promulgate, implement, communicate and enforce rules and procedures whereby applications obtained by their agent and/or customer Premier were properly monitored, reviewed and/or verified. To the extent Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**39.**    Defendant Option One negligently failed to conduct reasonable due diligence in regards to Premier before contracting with them to accept applications for mortgage loans. To the extent Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**40.**    Defendant Option One negligently failed to conduct reasonable due diligence and quality control in regards to Premier after accepting applications for mortgage loans submitted by Premier. To the extent Defendant's conduct was reckless, Plaintiff seeks punitive damages.

**41.**    Defendants Premier and Option One negligently failed to conduct reasonable due diligence and quality control in regards to Morgan Title before retaining them as their closing agent. To the extent Defendant's conduct was reckless, Plaintiff seeks punitive damages.

**42.**    All named Defendants' acts of negligence were committed under circumstances of insult and contumely.

**43.**    Defendants breached their legal, contractual and/or assumed duty of reasonable care to the Plaintiff. As a proximate result, Plaintiff was injured as set forth below. To the extent Defendants' conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment from the Defendants for compensatory and punitive damages in an amount to be awarded by a jury.

### COUNT II
#### Negligent Supervision

**44.**    Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

**45.**    Defendants H & R Block, Option One, Premier, and Morgan Title negligently trained and/or supervised their agents and employees. Defendants failed to promulgate, implement, communicate and enforce rules, systems and/or procedures which, if reasonable, would have prevented the wrongful conduct afore-stated. Their conduct fell below the standard of care for mortgage lenders, title agents and brokers. Defendants' acts of negligence were

8

committed under circumstances of insult and contumely. As a direct and proximate result, Plaintiff was damaged as set out below. To the extent the Defendants' conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment from the Defendant for compensatory and punitive damages in an amount to be awarded by a jury.

**COUNT III**

**Promissory Fraud**

**Fraud**

**46.** Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

**47.** Defendants Option One, Premier and Morgan Title fraudulently, recklessly, intentionally or through mistake concealed, suppressed or misrepresented the terms of Plaintiff's loan. The facts and circumstances that give rise to the claims in this count and other counts within this complaint include, but are not limited to, the facts set forth in paragraphs 11-21 and 23-28 within the Factual Allegations above.

**48.** Defendants Option One, Morgan Title and Premier are engaged in a pattern and practice of misinforming consumers, including Plaintiff, of the terms of their loans. The practice is consummated on unwary consumers with grossly inaccurate verbal pre-closing disclosures, followed sometimes but not in this case, by untimely and inaccurate written disclosures. The consumers, including Plaintiff, are baited with one deal then switched to another, more costly deal at closing.

**49.** Through the process of misinformation including untimely and inaccurate verbal pre-closing disclosures, Defendant Premier baited Plaintiff on the subject loan product by initially presenting the Plaintiff with favorable loan terms, *which the Defendants Option One and Premier never intended to honor.* Once in the loan closing "Hot Box," the terms were switched and then "sold" by their agent Morgan Title to a more costly deal for Plaintiff and a more profitable deal for the Defendants. As such, the Defendants engaged in promissory fraud in order to deceive Plaintiff.

9

**50.**   Defendants Premier and Morgan Title gained the trust and confidence of Plaintiff then used trick and artifice to accomplish the aforementioned bait and switch.

**51.**   Defendants Option One and H & R Block ratified the fraud and promissory fraud by funding the loan and continuing to collect payments on the loan from Plaintiff.

**52.**   Plaintiff reasonably and justifiably relied upon Defendants' misrepresentations including those by concealment and promissory fraud, to his detriment.   As a direct and proximate result, Plaintiff was injured as set forth below.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment from the Defendants for compensatory and punitive damages in an amount to be awarded by a jury.

## COUNT IV
### Negligence Per Se

**53.**   Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

**54.**   Defendants Premier and Option One violated various provisions of 15 U.S.C. § 1601 *et seq.*, The Truth in Lending Act; 12 U.S.C. § 2601 *et seq.*, the Real Estate Settlement Procedures Act; 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act; and 15 U.S.C. § 1691 *et seq.*, the Equal Credit Opportunity Act, as set out below.  The Acts are intended for the benefit of the special class of citizens to which Plaintiff belongs.  The conduct of Defendants damaged Plaintiff and amounts to Negligence Per Se.   Defendants' acts were committed under circumstances of insult and contumely.

**55.**   Defendant Morgan Title as closing agent, engaged in the unauthorized practice of law contrary to § 34-3-6, Alabama Code (1975).  Section 34-3-6 is intended for the benefit of the special class of citizens to which Plaintiff belongs.  The conduct of Morgan Title damaged Plaintiff and amounts to Negligence Per Se.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff demands compensatory and punitive damages as set forth below.

10

<u>COUNT V</u>

<u>Violations of the Federal Truth in Lending Act</u>

56.    Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

57.    Defendants Option One and Premier, through their agents and employees, violated or failed to comply with the FEDERAL TRUTH IN LENDING ACT, 15 U.S.C. § 1601 *et. seq.* and its implementing Regulation Z  by providing false information and by failing to provide complete, accurate, proper and timely disclosures under the Act.  While not meant to be exhaustive of all violations of TILA, Plaintiff alleges Defendants violated the following:

> a.    *§ 226.17(c)(1) Regulation Z:*  Defendants failed to provide pre-closing disclosures that reasonably reflected the legal obligations between the parties;
>
> b.    *§ 226.17(a)(1) Regulation Z:*  Defendants failed to provide Plaintiff with copies of his final loan documents and terms in a form that he could keep;
>
> c.    *§ 226.17(c)(2)(i) Regulation Z:*  Defendants failed to make pre-closing disclosures based upon information reasonably available to it;
>
> d.    *§ 226.17(c)(2)(i)(1) Official Staff Commentary to Regulation Z:* Defendants failed to use Good Faith and exercise reasonable due diligence in providing pre-closing disclosures to Plaintiffs;
>
> e.    *§ 226.19(b) Regulation Z, as interpreted by the Official Staff Commentary at Subpart C, § 226.17(b)(1); § 226.17(f)(2); § 226.18(f)(2); and § 226.19(b)(2):*  Defendants failed to provide timely the required pre-closing disclosures related to variable rate mortgages;
>
> f.    *15 U.S.C. § 1635(a), § 226.2(a)(11),  § 226.23(a)(3)  and § 226.23(b)(1) of Regulation Z:*  Defendant failed to provide the required number of accurately completed Right to Cancel forms to Plaintiff.

g.    *§ 226.26(b) of Regulation Z as interpreted by the Official Staff Commentary at § 226.26(1) and § 226.26(b)(1):* Defendants volunteered to provide cost of credit information to Plaintiff orally, including rate information specific to Plaintiff's loan. They did so in a manner and form that violated these sections.

h.    *15 U.S.C. § 1638(b)(2):* Defendants failed to provide pre-closing disclosures to Plaintiff within three (3) days of his initial application;

i.    *§ 226.17(f)(4) Official Staff Commentary to Regulation Z:* Defendants failed to use Good Faith and exercise reasonable due diligence in providing pre-closing disclosures to Plaintiff;

j.    *15 U.S.C. § 1631(d) and § 1638(b)(1):* Defendants provided misleading disclosures designed to circumvent the purpose of TILA.

**WHEREFORE,** Plaintiff demands rescission of the subject note and mortgage, and a monetary judgment against Defendants for the maximum statutory damages; actual damages including damages for mental anguish, emotional distress, humiliation, and embarrassment; the costs of this proceeding; and reasonable attorney's fees.

## COUNT VI
### Violations of the Real Estate Settlement Procedures Act

**58.**    Plaintiff adopts and re-alleges all paragraphs as if fully restated herein.

**59.**    The transaction at issue in this case is federally related mortgage loan subject to the provisions of RESPA at 12 U.S.C. § 2601 *et seq.* The services of co-defendants Premier, Option One and Morgan Title are settlement services within the meaning of RESPA at 12 U.S.C. § 2602(3).

**60.**    Upon information and belief based on thorough investigation of the Defendants, but without the benefit of the final loan documents with were wrongfully withheld from Plaintiff at closing, Plaintiff paid fees from the proceeds of his loan to the named Defendants in this count for various settlement services including but not limited to: A "processing fee," an "application

fee," an "underwriting fee," "document preparation" fees, a "broker's fee," and other closing related fees.

61.     Upon information and belief based on thorough investigation of the Defendants, but without the benefit of the final loan documents with were wrongfully withheld from Plaintiff at closing, Premier received an additional payment from Option One in the form of a Yield Spread Premium (YSP).

62.     Defendants Premier, Option One and Morgan Title violated 12 U.S.C. § 2607(a) and 24 C.F.R. § 3500.14(b), by paying fees, kickbacks or giving other things of value to one another pursuant to an understanding or written agreement that business incident to, or part of, a real estate settlement service involving federally related mortgage loans would be referred to each other.

63.     Defendants Premier, Option One and Morgan Title violated 12 U.S.C. § 2607(b) and 24 C.F.R. § 3500.14(c), by giving or accepting a portion, split or percentage of charges made or received for the rendering of real estate settlement services in connection with a transaction involving a federally related mortgage loan, other than for services actually performed.

WHEREFORE, Plaintiff demands judgment against the named Defendants in this count for the maximum statutory damages trebled; actual damages including damages for mental anguish, emotional distress, humiliation, and embarrassment; the costs of this proceeding; and reasonable attorney's fees.

## COUNT VII
### Violations of the Fair Credit Reporting Act

64.     Plaintiff adopts and re-alleges all paragraphs as if fully restated herein.

65.     Upon information and belief, Defendants Option One and Premier's refusal to extend credit on the terms for which Plaintiff applied was, or will be argued to have been, based in whole or part on information contained in a consumer report.

66.     Said Defendants' denial of credit on the terms applied for is an adverse action under the Fair Credit Reporting Act, 15 U.S.C. § 1681a(j).

**67.** Said Defendants failed to provide Plaintiff with the required notice under 15 U.S.C. § 1681m(a), advising Plaintiff of the name, address and telephone number of the consumer reporting agency which supplied the report; a statement that the consumer reporting agency did not make the credit decision and is unable to provide the consumer with the specific reason(s) the adverse action was taken; and a statement of the consumer's right to obtain a free copy of the consumer report from the reporting agency and to dispute the accuracy or completeness of the report.

**68.** Said Defendants failed to provide Plaintiff with any required FCRA notices.

**69.** Said Defendants' failure to provide any FCRA notices to Plaintiff was a negligent, reckless or willful violation of the FCRA.

**WHEREFORE**, Plaintiff demands judgment against the named Defendants in this count for the maximum statutory damages trebled where allowed; actual damages including damages for mental anguish, emotional distress, humiliation, and embarrassment; the costs of this proceeding; and reasonable attorney's fees.

## COUNT VIII
### Violations of the Equal Credit Opportunity Act

**70.** Plaintiff adopts and re-alleges all paragraphs as if fully restated herein.

**71.** Defendants Option One and Premier regularly extend, renew or continue credit; and/or regularly arrange for the extension, renewal or continuation of credit; and are creditors within the meaning of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691a(e) and 12 C.F.R. § 202.2(1) (Regulation B).

**72.** Plaintiff submitted an application in a manner sufficient and customary with these Defendants such that a credit decision was made.

**73.** Plaintiff applied for a mortgage loan with specific terms.

**74.** Said Defendants' refusal to grant Plaintiff credit on substantially the same terms as applied for was an adverse action as defined at 15 U.S.C. 1691(d)(6) of the ECOA.

**75.** Said Defendants failed to provide the notice of adverse action required by the Act. Neither Defendant provided any written or verbal notice of adverse action prior to closing.

**76.**     The failure of these Defendants to provide the required notice was intentional and meant to conceal the "bait and switch" nature of the transaction.

**WHEREFORE**, Plaintiff demands judgment against the named Defendants in this count for the maximum statutory/punitive damages of $10,000.00, the costs of this proceeding, and reasonable attorney's fees.

**COUNT IX**

**Damages**

**77.**     Plaintiff adopts and re-alleges all paragraphs as if fully restated herein.

**78.**     Defendants' wrongful conduct as stated above proximately injured Plaintiff as follows:

     **a.**     Plaintiff suffered and will continue to suffer substantial economic loss and expense.

     **b.**     Plaintiff suffered and will suffer in the future emotional distress, mental anguish, humiliation, and embarrassment.

**79.**     To the extent Defendants' wrongful conduct was reckless, intentional, or wanton; part of a pattern and practice to misinform or deceive; and/or part of a pattern and practice of "bait and switch," Plaintiff is entitled to and demands punitive damages.

**PRAYER FOR RELIEF**

**80.**     Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

**81.**     Plaintiff demands judgment as set out below from the Defendants:

     **a.**     Compensatory and actual damages in an amount to be awarded by a jury;

     **b.**     Punitive damages in an amount to be awarded by a jury under each claim made by Plaintiff whereby punitive damages are recoverable;

     **c.**     Actual damages under Plaintiff's TILA, RESPA, ECOA and FCRA claims including but not limited to damages for mental anguish, emotional distress, humiliation, and embarrassment, trebled where allowed;

     **d.**     Maximum statutory damages (including treble damages as allowed) under TILA, RESPA, FCRA and ECOA;

15

e.     Post-judgment interest;

f.     Costs of this proceeding; and,

g.     Reasonable attorney's fees.


Respectfully Submitted,


ROBERT E. KIRBY, JR. (KIR013)
Attorney for Plaintiff
SMITH, HANSON & KIRBY, LLC
4401 Gary Ave.
Fairfield, AL  35064
Telephone:     (205) 786-3775
Fax:           (205) 780-8540
Email:         bekatty@bellsouth.net


**PLAINTIFF HEREBY DEMANDS A STRUCK JURY IN THE TRIAL OF THIS CAUSE**


OF COUNSEL


**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT, AS FOLLOWS:**

OPTION ONE MORTGAGE CORPORATION
c/o THE CORPORATION COMPANY, Registered Agent
2000 INTERSTATE PARK DR., STE. 204
MONTGOMERY, AL  36109

H&R BLOCK MORTGAGE CORPORATION
c/o THE CORPORATION COMPANY, Registered Agent
2000 INTERSTATE PARK DR., STE. 204
MONTGOMERY, AL  36109

PREMIER MORTGAGE FUNDING, INC.
c/o THE CORPORATION COMPANY, Registered Agent
2000 INTERSTATE PARK DR., STE. 204
MONTGOMERY, AL  36109

16

MORGAN TITLE SERVICES, LLC
c/o IRIS MORGAN
117 WINDSOR CIRCLE
PELHAM, AL  35124