IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ELRICK HARRIS,**<br>            **Plaintiff,**<br>      **vs.**<br>**OPTION ONE MORTGAGE**<br>**CORPORATION; H&R BLOCK**<br>**MORTGAGE CORPORATION; PREMIER**<br>**MORTGAGE FUNDING, INC. ; and**<br>**MORGAN TITLE SERVICES, LLC.,**<br>            **Defendants.** | **Case No.: No. 2:06CV630-ID** |

## DEFENDANT PREMIER MORTGAGE FUNDING, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Premier Mortgage Funding, Inc. (hereinafter "Premier") by and through its undersigned attorney, answers Plaintiff Elrick Harris's Complaint according to the numbered paragraphs contained therein, as follows:

### PARTIES

1.  Upon information and belief, Premier admits the allegation as true.

2.  Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

3.  Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

4.  Premier admits the allegation as true.

5.  Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

**JURISDICTION and VENUE**

6.  Except for matters and claims that are subject to a binding arbitration agreement, Premier admits the allegation as true.

7.  Except for matters and claims that are subject to a binding arbitration agreement, Premier admits the allegation as true.

8.  Except for matters and claims that are subject to a binding arbitration agreement, Premier admits the allegation as true.

9.  Except for matters and claims that are subject to a binding arbitration agreement, Premier admits the allegation as true.

10. Except for matters and claims that are subject to a binding arbitration agreement, Premier admits the allegation as true.

**FACTUAL ALLEGATIONS**

11. Premier admits that some time before July 22, 2005 Plaintiff made application through Premier for a mortgage loan.  Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same..

12. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

13. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

14. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

15. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

16. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

17. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

18. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

19. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

20. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

21. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

22. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

A. Premier denies that it has a history of high default rates as represented herein. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

B. Denied.

C. Premier states that it is exempt from this licensing requirement.

D. Material from the Parties Index on PACER speak for themselves. Premier denies all allegations of fraud and misfeasance.

E. Records from The Alabama SJIS system speak for themselves. Premier denies all allegations of conversion. Premier further states that the case referenced in this paragraph is on appeal.

3

23. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

24. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

25. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

26. Premier is without sufficient knowledge to form a belief of the truth of the allegations and therefore must deny the same.

27. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

28. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

## COUNT I

### Negligence

29. Premier reasserts all paragraphs above as if fully stated herein.

30. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same. Premier denies that Plaintiff is entitled to any judgment against it and demands strict proof thereof.

31. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same. Premier denies that Plaintiff is entitled to any judgment against it and demands strict proof thereof.

32. Premier denies the allegation as false. Premier denies that Plaintiff is entitled to any judgment against it and demands strict proof thereof.

33. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same. Premier denies that Plaintiff is entitled to any judgment against it and demands strict proof thereof.

34. To the extent the allegations are directed at Premier, Premier denies the allegations as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same. Premier denies that Plaintiff is entitled to any judgment against it and demands strict proof thereof.

35. To the extent the allegations are directed at Premier, Premier denies the allegations as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same. Premier denies that Plaintiff is entitled to any judgment against it and demands strict proof thereof.

36. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same. Premier denies that Plaintiff is entitled to any judgment against it and demands strict proof thereof.

37. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the

remaining allegations and therefore must deny the same. Premier denies that Plaintiff is entitled to any judgment against it and demands strict proof thereof.

38. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

39. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same. Premier denies that Plaintiff is entitled to any judgment against it and demands strict proof thereof.

40. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same. Premier denies that Plaintiff is entitled to any judgment against it and demands strict proof thereof.

41. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier denies that Plaintiff is entitled to any judgment against it and demands strict proof thereof.

42. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

43. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

Premier denies that Plaintiff is entitled to judgment against it and demands strict proof thereof.

## COUNT II

**Negligent Supervision**

44. Premier reasserts all paragraphs above as if fully stated herein.

45. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same. Premier denies that Plaintiff is entitled to any judgment against it and demands strict proof thereof.

Premier denies that Plaintiff is entitled to judgment against it and demands strict proof thereof.

**COUNT III**

**Promissory Fraud**

46. Premier reasserts all paragraphs above as if fully stated herein.

47. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

48. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

49. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

50. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

51. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

52. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

Premier denies that Plaintiff is entitled to judgment against it and demands strict proof thereof.

## COUNT IV

### Negligence Per Se

53. Premier reasserts all paragraphs above as if fully stated herein.

54. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same. Premier denies that Plaintiff is entitled to any judgment against it and demands strict proof thereof.

55. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

Premier denies that Plaintiff is entitled to judgment against it and demands strict proof thereof.

## COUNT V

### Violations of the Federal Truth in Lending Act

56. Premier reasserts all paragraphs above as if fully stated herein.

57. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

   Premier denies that Plaintiff is entitled to judgment against it and demands strict proof thereof.

## COUNT VI

### Violations of the Real Estate Settlement Procedures Act

58. Premier reasserts all paragraphs above as if fully stated herein.

59. Upon information and belief, admitted.

60. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

61. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

62. Premier denies the allegation as false.

63. Premier denies the allegation as false.

   Premier denies that Plaintiff is entitled to judgment against it and demands strict proof thereof.

## COUNT VII

### Violations of the Fair Credit Reporting Act

64. Premier reasserts all paragraphs above as if fully stated herein.

65. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

66. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

67. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

68. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

69. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

Premier denies that Plaintiff is entitled to judgment against it and demands strict proof thereof.

## <u>COUNT VIII</u>

### <u>Violations of the Equal Credit Opportunity Act</u>

70. Premier reasserts all paragraphs above as if fully stated herein.

71. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

72. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

73. Premier is without sufficient knowledge to form a belief of the truth of the allegation and therefore must deny the same.

74. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

75. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

76. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

Premier denies that Plaintiff is entitled to judgment against it and demands strict proof thereof.

## COUNT IX

### Damages

77. Premier reasserts all paragraphs above as if fully stated herein.

78. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

79. To the extent the allegations are directed at Premier, Premier denies the allegation as false. Premier is without sufficient knowledge to form a belief of the truth of the remaining allegations and therefore must deny the same.

Premier denies that Plaintiff is entitled to judgment against it and demands strict proof thereof.

## PRAYER FOR RELIEF

80. Premier reasserts all paragraphs above as if fully stated herein.

81. Premier denies that Plaintiff is entitled to the relief requested and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof that would otherwise rest with Plaintiff, Premier pleads the following affirmative defenses:

### FIRST DEFENSE

Premier pleads the affirmative defense of binding arbitration.

### SECOND DEFENSE

Premier pleads the affirmative defense of assumption of risk.

### THIRD DEFENSE

Premier pleads the affirmative defense of contributory negligence.

### FOURTH DEFENSE

Premier pleads the affirmative defense of release.

### FIFTH DEFENSE

Premier pleads the affirmative defense of waiver.

### SIXTH DEFENSE

Premier pleads the affirmative defense of intervening cause.

### SEVENTH DEFENSE

Premier pleads the affirmative defense of the doctrine of ratification.

## EIGHTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## NINTH DEFENSE

Premier pleads the affirmative defense of failure to mitigate damages.

## TENTH DEFENSE

Any award of punitive damages and/or damages for mental anguish or emotional distress would violate the constitutional safeguards provided under the Constitution of the United States and of the various states, including the Constitution of the State of Alabama.

## ELEVENTH DEFENSE

Any award of punitive damages and/or damages for mental anguish or emotional distress to Plaintiff would violate the constitutional safeguards provided under the Constitution of the United States and the Constitution of the State of Alabama in that the determination of such damages under the applicable state law is vague, is not based on any objective standards, and is not rationally related to legitimate government interests.

## TWELFTH DEFENSE

Plaintiff's claims for punitive damages violate the separation of powers requirement of the constitutions of the various states, by allowing courts and juries, rather than a legislature, to determine what conduct constitutes punishable conduct and the amount of punishment therefore.

## THIRTEENTH DEFENSE

Plaintiff's claims for punitive damages violate the Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article I, §§ 1, 2, 6, 11, 13, 15, 22 and 35 of the Constitution of Alabama, and is improper under the statutes, common law, public policies and applicable rules of the State of Alabama, on the following grounds:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded and the guidelines given to jurors are vague and ambiguous and fail to provide specific standards on the determination of whether to award punitive damages or specific standards as to a constitutionally reasonable limit on the amount of any award against defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded are vague and ambiguous and fail to provide specific standards for the amount of the award of punitive damages which allows jurors broad, unlimited and undefined power to make determinations based on passion, personal beliefs and/or uninformed ideas of what the law permits, rather than what the law requires;

(d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes on the Due Process Clause

of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f)     The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes on defendants' Due Process and Equal Protection rights under the Fourteenth Amendment of the United States Constitution;

(g)     Any award of punitive damages to Plaintiff would violate the Self-Incrimination Clause of the Fifth Amendment of the United States Constitution, because punitive damages are penal in nature, yet a defendant may be compelled to disclose potentially incriminating documents and evidence;

(h)     Plaintiff's attempt to impose punitive or extra contractual damages on defendants on the basis of the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution;

(i)     Any award of punitive damages to Plaintiff would violate the procedural safeguards provided to Premier under the Sixth Amendment of the United States Constitution in that punitive damages are penal in nature, and consequently, a Plaintiff in a case in which punitive damages are sought should be entitled to the same procedural safeguards accorded to a defendant in a criminal proceeding.

(j)     Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates defendants' rights to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution;

(k)     Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates defendants' right to substantive due process as provided in the

Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the various states;

(l)     Plaintiff's claims for punitive damages violate equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution. Punitive damage awards discriminate against defendants in that the protections of criminal trials and the limiting of the amount of punitive damages awardable may be granted to some classes of defendants under certain states' law, but may be denied to these defendants and others similarly situated.

(m)     Any award of punitive damages would violate Premier's right to trial by jury in violation of the Seventh Amendment to the Constitution of the United States.

(n)     The procedures followed in awarding punitive damages could permit multiple awards of punitive damages for the same act or omission.

(o)     Present law does not provide a meaningful opportunity for challenging the basis for an award of punitive damages and/or the excessiveness of any such award because current law does not provide for meaningful review of such awards by the trial court or appellate court.

(p)     Present law and/or practice may impermissibly permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined and/or evidence having little bearing on the amount of punitive damages to be awarded.

(q)     Any award of punitive damages would allow Plaintiff to be compensated for elements of damages that would be duplicative of an award of damages

received for mental anguish/emotional distress or that would not otherwise be recognized under Alabama law.

## FOURTEENTH DEFENSE

Plaintiff's claims for multiple and/or punitive damages and/or damages for mental anguish/emotional distress violate due process as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution, and by the due process clause of Article I, §§ 6 and 13 of the Alabama Constitution, in that:

a)    there is no requirement that punitive damages be reasonably proportionate to any element of compensatory damages and/or to any legitimate interest;

b)    there is no requirement that punitive damages be reasonably proportionate to the act or omission sought to be punished;

c)    review of punitive damage awards for excessiveness without objective proportionality requirements and other objective requirements is wholly personal and subjective;

d)    punitive damages instructions insufficiently inform the jury as to the nature and purpose of punitive damages and the instructions are not saved by a post trial review at the trial and/or appellate levels;

e)    the preponderance of the evidence standard of proof, where applicable, is not high enough to satisfy due process where a defendant faces a punitive damage award;

f)    the criteria for an award of punitive damages and/or damages for mental anguish/emotional distress are impermissibly vague and uncertain;

g)    the criteria for review of an award of punitive damages and/or damages for mental anguish/emotional distress on appeal are impermissibly vague and uncertain;

h)    there are no meaningful standards provided by the law for the imposition of punitive damages and therefore defendant has not been provided fair notice in advance of conduct that could result in punitive damages and/or the potential size of any award as a result of the alleged conduct; and

i)    the jury is instructed that punitive damages are permitted to set an example to deter others and/or otherwise relate to the conduct of others or the conduct of a defendant outside the scope of this litigation, subjecting a defendant to potential for multiple penalties for the same conduct, and/or to penalties for the conduct of others.

## FIFTEENTH DEFENSE

Plaintiff's claims for punitive damages are in contravention of Premier's rights under each of the following constitutional provisions:

(a)    Article I, § 8 of the United States Constitution, as an impermissible burden on interstate commerce and/or to the extent such an award punishes acts or omissions alleged to have occurred outside of this state;

(b)    the Contracts Clause of Article I, § 10 of the United States Constitution;

(c)    the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

(d)    the Equal Protection Clause under the laws afforded by the Fourteenth Amendment to the United States Constitution;

18

(e)    the constitutional prohibition against vague and overbroad laws;

(f)    the prohibition against *ex post facto* law in Article 1, § 22 of the Alabama Constitution;

(g)    the Contracts Clause of Article I, § 22 of the Constitution of Alabama; and

(h)    the Due Process Clause of Article I, § 6 and/or 13 of the Constitution of Alabama.

## SIXTEENTH DEFENSE

With respect to Plaintiffs' demand for punitive damages, defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in *BMW of No. America v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); *Cooper Industries, Inc., v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001); and in *State Farm Mut. Auto. Ins. Co., v. Campbell*, 123 S.Ct. 1513 (2003).

## SEVENTEENTH DEFENSE

Plaintiff's claims for the recovery of punitive damages are barred by Ala. Code § 6-11-20 (1993) et seq.

## EIGHTEENTH DEFENSE

Plaintiff's claims for the recovery of punitive damages are barred by Ala. Code § 6-11-27 (1993).

## NINTEENTH DEFENSE

An award of punitive damages in this case, if any, may not exceed the statutory maximum set forth in Ala. Code § 6-11-21 (Supp. 1987); see *Oliver v. Towns*, 770 So. 2d 1059 (Ala. 2000) ("[W]e question whether Henderson [v. Ala. Power Co.], 627 So. 2d 878 (Ala. 1993), remains good law.") (citing *BMW of No. America, Inc. v. Gore*, 517 U.S. 559 (1996); *Henderson*, 627 So. 2d at 894 (Maddox, J., concurring in part; dissenting in part); *Henderson*,

627 So. 2d at 903 (Houston, J., dissenting); and *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 20 n.9 (1991)). In declaring § 6-11-21 unconstitutional in *Henderson*, the Alabama Supreme Court acted beyond the scope of its powers and violated the separation of powers clauses of the United States Constitution and the Alabama Constitution. Accordingly, the Court's action in *Henderson* was without effect, and Alabama Code § 6-11-21 applies in this case.

## TWENTIETH DEFENSE

The imposition of punitive damages against Premier in this case would violate Premier's due process rights as guaranteed by the United States Constitution, because the award of punitive damages is excessive in light of the following criteria: (1) the degree of reprehensibility of the defendants' alleged wrongful conduct; (2) the disparity between the harm or potential harm and the punitive damage award; and (3) the difference between the punitive damage award and the civil penalties authorized or imposed in other cases.

## TWENTY-FIRST DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama legislature in <u>Ala. Code</u>, 1975, §§13A-4-11 and 13(a)-5-12, jointly and severally.

## TWENTY-SECOND DEFENSE

The claim of Plaintiffs' for punitive damages cannot be sustained because any award of punitive damages under the law, without bifurcating the trial and trying all punitive damages issues only if, and after liability on the merits has been found, would violate the defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and due process provisions of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

### TWENTY-THIRD DEFENSE

Imposition of punitive damages against Premier would have a chilling effect upon the defendant's right to open access to the courts of this state, in violation of the United States Constitution and the Alabama Constitution, separately and severally.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims for punitive damages violate the rights of Premier to due process and equal protection of the laws as guaranteed by the Constitution of the United States and the Alabama Constitution, in that the procedures for post-trial review of such damages are unconstitutionally vague and inadequate in their failure to provide a clearly defined standard for courts to apply in the review of such damages; fail to provide an adequate review as to the issue of the need to deter, whether deterrence has been accomplished and whether punishment is appropriate; such procedures provide inadequate review and a vague standard regarding the relationship of such damages to the harm done; neither procedure addresses or cures the lack of guidelines provided juries in the assessment of such damages; that courts may take certain factors into consideration which lack predictable and objective standards of review and result in an inconsistent application of the factors and unpredictable and inconsistent results; and fail to provide definite and meaningful constraints on jury discretion in awarding such damages.

### TWENTY-FIFTH DEFENSE

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1 §§ 1 and 6 of the Alabama Constitution.

**TWENTY-SIXTH DEFENSE**

Plaintiff is not entitled to recover punitive damages because Plaintiff cannot prove that defendants' conduct involved such malice, wantonness, oppression, fraud, willfulness, recklessness, or wickedness as amounts to criminality, which for the good of society and warning to the individual ought to be punished.

**TWENTY-SEVENTH DEFENSE**

At the time of the filing of this Answer, discovery is not yet complete. Defendants reserve the right to supplement its Answer with all such other and further defenses as may be warranted based on information learned in discovery.

**TWENTY-EIGHTH DEFENSE**

Unless specifically admitted, Premier denies all allegations in Plaintiff's Complaint.

Respectfully submitted,

/s/ Richard H. Allen
Richard H. Allen (ALL 053)
Chad W. Bryan (BRY 032)

Attorneys for Defendant Premier Mortgage Funding, Inc.

OF COUNSEL:

CAPELL & HOWARD
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL 36102-2069
Telephone: (334) 241-8000
Facsimile: (334) 323-8888

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

/s/ Richard H. Allen
OF COUNSEL