# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| **ELRICK HARRIS;** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**OPTION ONE MORTGAGE** )<br>**CORPORATION; H&R BLOCK** )<br>**MORTGAGE CORPORATION;** )<br>**PREMIER MORTGAGE** )<br>**FUNDING, INC.; and MORGAN** )<br>**TITLE SERVICE, LLC;** )<br>)<br>**Defendants.** ) | **CIVIL ACTION NUMBER:**<br><br>**2:06-cv-630-ID** |

## ANSWER OF DEFENDANTS OPTION ONE MORTGAGE CORPORATION AND H&R BLOCK MORTGAGE CORPORATION

**COME NOW** defendants Option One Mortgage Corporation ("Option One") and H&R Block Mortgage Corporation ("H&R Block"), (collectively referred to herein as "Defendants"), and for answer to plaintiff's Complaint filed in this matter state as follows:

### FIRST DEFENSE

The paragraphs below correspond to the same-numbered paragraphs in the Complaint. Unless specifically admitted herein, all allegations set forth in the Complaint are expressly denied.

## PARTIES

1. Admitted, upon information and belief.

2. Defendants admit that Option One is a California corporation qualified to do business in Alabama and deny all remaining allegations in paragraph 2 of the Complaint.

3. Defendants admit that H&R Block is a Massachusetts corporation qualified to do business in Alabama and deny all remaining allegations in paragraph 3 of the Complaint.

4. Admitted, upon information and belief.

5. Defendants are without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 5 of the Complaint and therefore deny the same.

## JURISDICTION and VENUE

6. Defendants admit that this Court has federal question jurisdiction over this case but deny that they have violated any of the statutory provisions identified in paragraph 6 of the Complaint.

7– 9. The allegations in paragraphs 7-9 of the Complaint state conclusions of law to which no response is required.

10. Defendants admit that plaintiff is a resident of Montgomery County on information and belief and that the real property which is the subject of the loan

at issue in this case is situated in Montgomery County. Defendants also admit that they do business in Montgomery County. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 10 of the Complaint at this time and therefore deny the same.

## FACTUAL ALLEGATIONS

11. Admitted.

12. Defendants are without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 12 of the Complaint and therefore deny the same.

13. Defendants are without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 13 of the Complaint and therefore deny the same.

14. Defendants admit that the loan at issue in this case is subject to an adjustable rate note. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 14 of the Complaint at this time and therefore deny the same.

15-18. Denied.

19. Admitted.

20. Defendants are without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 20 of the Complaint and therefore deny the same.

21-28. Denied.

## COUNT I
## Negligence

29. Defendants adopt and reassert their responses and defenses to paragraphs 1-28 above.

30-43. Denied.

## COUNT II
## Negligent Supervision

44. Defendants adopt and reassert their responses and defenses to paragraphs 1-43 above.

45. Denied.

## COUNT III
## Promissory Fraud
## Fraud

46. Defendants adopt and reassert their responses and defenses to paragraphs 1-45 above.

47-52. Denied.

## COUNT IV
## Negligence Per Se

53. Defendants adopt and reassert their responses and defenses to paragraphs 1-52 above.

54-55. Denied.

## COUNT V
## Violations of the Federal Truth in Lending Act

56. Defendants adopt and reassert their responses and defenses to paragraphs 1-55 above.

57. Defendants deny the allegations in paragraph 57 of the Complaint, including all subparts thereto.

## COUNT VI
## Violations of Real Estate Settlement Procedures Act

58. Defendants adopt and reassert their responses and defenses to paragraphs 1-57 above.

59. The allegations in paragraph 59 of the Complaint state conclusions of law to which no response is required. To the extent Plaintiff contends that Defendants violated the statutory provisions set forth in paragraph 59, such allegations are denied.

60-63. Denied.

## COUNT VII
## Violations of the Fair Credit Reporting Act

64. Defendants adopt and reassert their responses and defenses to paragraphs 1-63 above.

65-69. Denied.

## COUNT VIII
## Violations of the Equal Credit Opportunity Act

70. Defendants adopt and reassert their responses and defenses to paragraphs 1-69 above.

71. The allegations contained in paragraph 71 of the Complaint state legal conclusions to which no response is required.

72. Defendants are without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 72 of the Complaint and therefore deny the same.

73. Defendants are without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 73 of the Complaint and therefore deny the same.

74-76. Denied.

## COUNT IX
## Damages

77. Defendants adopt and reassert their responses and defenses to paragraphs 1-76 above.

78-79. Defendants deny Plaintiff's allegations contained in paragraphs 78 and 79 of the Complaint, including all subparts thereto.

## PRAYER FOR RELIEF

80. Defendants adopt and reassert their responses and defenses to paragraphs 1-79 above.

81. Defendants deny Plaintiff's allegations contained in paragraph 81 of the Complaint, including all subparts thereto. Defendants further deny that Plaintiff is entitled to any of the relief or damages demanded in paragraph 81.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Defendants are not guilty of any of the allegations made against them in the Complaint.

## FOURTH DEFENSE

Plaintiff's claims are barred by his own contributory negligence.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

## SIXTH DEFENSE

To the extent plaintiff has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than Defendants, including plaintiff's own contributory negligence.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent they are based on the acts of third parties over whom Defendants had no control or right of control, or for whom they are not responsible.

## EIGHTH DEFENSE

Defendants plead the applicable statute of limitations to each of plaintiff's claims.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, set off, recoupment, estoppel, laches, and equitable subrogation.

## TENTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of accord and satisfaction, payment, and/or release.

## ELEVENTH DEFENSE

Some or all of plaintiff's claims are barred by the doctrines of ratification, consent, and acquiescence.

## TWELFTH DEFENSE

Plaintiff has not suffered any injury by reason of any act or omission by Defendants and does not have any right or standing to assert the claims at issue.

### THIRTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because plaintiff has suffered no damages.

### FOURTEENTH DEFENSE

Plaintiff's recovery under the claims alleged in the Complaint is barred and/or limited due to his failure to mitigate his alleged damages.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by unclean hands and other equitable doctrines.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred because he accepted the benefit of the transaction at issue.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the terms of the promissory note and mortgage which he signed.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the Statute of Frauds and/or the parole evidence rule.

### NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by his voluntary payment of the sums at issue.

### TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the plaintiff's binding, voluntary agreement to the terms and conditions of the loan at issue.

### TWENTY-FIRST DEFENSE

To the extent plaintiff's Complaint attempts to state a claim for fraud, it fails to comply with Rule 9(b) of the Federal Rules of Civil Procedure, and does not give sufficient notice of the circumstances surrounding any alleged fraud.

### TWENTY-SECOND DEFENSE

Defendants' actions were justified and are immune from liability.

### TWENTY-THIRD DEFENSE

Defendants are not liable because they acted in good faith at all times and in conformity with applicable rules, regulations, and statutory interpretations.

### TWENTY-FOURTH DEFENSE

Defendants affirmatively invoke and assert all defenses and rights created by and under the Truth-in-Lending Act (TILA), 15 U.S.C. §§ 1601, et seq., including, but not limited to, the following defenses: the one-year statute of limitations; good faith conformity with Federal Reserve Board rulings, regulations and

interpretations; bona fide efforts to prevent and/or correct error; unintentional violations; and bona fide errors notwithstanding the maintenance of procedures reasonably adopted to avoid any error.

### TWENTY-FIFTH DEFENSE

Any award of punitive damages in this case would violate Defendants' rights under the Constitutions of the United States of America and/or the State of Alabama.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are subject to arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, to the extent an arbitration clause exists in a contract underlying plaintiff's claims.

### TWENTY-SEVENTH DEFENSE

Some or all of plaintiff's claims are preempted by federal law and/or the Alabama Consumer Credit Protection Act, Ala. Code § 5-19-1, *et seq.*

Defendants reserve the right to amend this Answer and/or assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

Respectfully submitted,


/s/ Stephen A. Walsh
Stephen A. Walsh
Attorney for Defendants
Option One Mortgage Corporation and
H & R Block Mortgage Corporation

Adams and Reese LLP
2100 Third Avenue North, Suite 1100
Birmingham, AL  35203-3367
Telephone:  (205) 250-5000
Facsimile:   (205) 250-5034
Email:       stephen.walsh@arlaw.com

**OF COUNSEL:**

ADAMS AND REESE LLP
2100 Third Avenue North, Suite 1100
Birmingham, Alabama  35203-3367
Telephone:  (205) 250-5000
Facsimile:   (205) 250-5034

# **CERTIFICATE OF SERVICE**

    I hereby certify that on August 31, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert E. Kirby, Jr., Esquire
SMITH, HANSON & KIRBY, LLC
Attorney for Plaintiff
4401 Gary Avenue
Fairfield, AL 35064

Richard M. Allen, Esquire
Chad W. Bryan, Esquire
CAPELL & HOWARD
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, AL  36102-2069

                                      /s/ Stephen A. Walsh
                                      OF COUNSEL