IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELRICK HARRIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.  2:06-cv-630-ID |
| | ) |
| OPTION ONE MORTGAGE | ) |
| CORPORATION, H&R BLOCK | ) |
| MORTGAGE CORPORATION, PREMIER | ) |
| MORTGAGE FUNDING, INC., and | ) |
| MORGAN TITLE SERVICE, LLC., | ) |
| | ) |
|     Defendants. | ) |

## ANSWER TO COMPLAINT
## OF DEFENDANT MORGAN TITLE SERVICES, LLC

COMES NOW the Defendant, Morgan Title Services, LLC, and for its answer to

the complaint filed against it by Plaintiff states as follows:

### FIRST DEFENSE

The paragraphs below correspond to the same-numbered paragraphs in the Complaint.

Unless specifically admitted herein, all allegations set forth in the Complaint are expressly

denied.

### PARTIES

1.    Admitted, upon information and belief.

2.    Defendant is without sufficient information or knowledge at this time to admit

or deny the allegations in paragraph 2 of the Complaint and therefore denies same.

3.    Defendant is without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 3 of the Complaint and therefore denies same.

4.    Defendant is without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 4 of the Complaint and therefore denies same.

5.    Defendant admits that Morgan Title Services, LLC is an Alabama limited liability company formed in Jefferson County, Alabama. Defendant further admits that it performed closing services on a loan for the Plaintiff. The remainder of the allegations set forth in paragraph 5 are denied.

## JURISDICTION AND VENUE

6.    Defendant admits that this Court has federal question jurisdiction over this case, but denies that it has violated any of the statutory provisions identified in paragraph 6 of the Complaint.

7.    The allegations set forth in paragraph 7 of the Complaint state conclusions of law to which no response is required.

8.    The allegations set forth in paragraph 8 of the Complaint state conclusions of law to which no response is required.

9.    The allegations set forth in paragraph 9 of the Complaint state conclusions of law to which no response is required.

10.    Upon information and belief, Defendant admits that Plaintiff is a resident of Montgomery County and that the real property which is the subject of the loan at issue in this

2

case is situated in Montgomery County. Further, Defendant admits that it does business in Montgomery County. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 10 of the Complaint at this time, and therefore, denies same.

## FACTUAL ALLEGATIONS

11.    Defendant is without sufficient information or knowledge to admit or deny the allegations contained in paragraph 11 of the Complaint at this time, and therefore, denies same.

12.    Defendant is without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 12 of the Complaint and therefore denies same.

13.    Defendant is without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 13 of the Complaint and therefore denies same.

14.    Upon information and belief, Defendant admits that the loan obtained by Plaintiff is subject to an adjustable rate note. Defendant is without sufficient information or knowledge at this time to admit or deny the remaining allegations contained in paragraph 14 of the Complaint and therefore denies same.

15.    Defendant is without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 15 of the Complaint and therefore denies same.

16.    Defendant admits that an employee of Morgan Title Services, LLC met with Plaintiff at Captain D's to close Plaintiff's loan. Defendant denies the remaining allegations

contained in paragraph 16 of the Complaint and demands strict proof thereof.

17.    Defendant denies the allegations contained in paragraph 17 of the Complaint and demands strict proof thereof.

18.    Defendant denies the allegations contained in paragraph 18 of the Complaint and demands strict proof thereof.

19.    Defendant is without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 19 of the Complaint and therefore denies same.

20.    Defendant is without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 20 of the Complaint and therefore denies same.

21.    Defendant denies the allegations contained in paragraph 21 of the Complaint and demands strict proof thereof.

22.    The allegations contained in paragraph 22, as well as sub-paragraphs A. through E, of the Complaint appear to be levied only against Defendants H&R Block and Option One and as such require no response from this Defendant. To the extent that any of the allegations contained in these paragraphs are intended to be levied against this Defendant, this Defendant denies all such allegations and demands strict proof thereof.

23.    Defendant denies the allegations contained in paragraph 23 of the Complaint and demands strict proof thereof.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint and demands strict proof thereof.

4

25.    Defendant denies the allegations contained in paragraph 25 of the Complaint and demands strict proof thereof.

26.    Defendant denies the allegations contained in paragraph 26 of the Complaint and demands strict proof thereof.

27.    Defendant denies the allegations contained in paragraph 27 of the Complaint and demands strict proof thereof.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint and demands strict proof thereof.

## COUNT I

### Negligence

29.    Defendant hereby incorporates by reference all prior paragraphs as if separately set forth herein.

30.    Defendant denies the allegations contained in paragraph 30 of the Complaint and demands strict proof thereof.

31.    Defendant denies the allegations contained in paragraph 31 of the Complaint and demands strict proof thereof.

32.    Defendant denies the allegations contained in paragraph 32 of the Complaint and demands strict proof thereof.

33.    Defendant denies the allegations contained in paragraph 33 of the Complaint and demands strict proof thereof.

34.    Defendant denies the allegations contained in paragraph 34 of the Complaint and demands strict proof thereof.

35.    Defendant denies the allegations contained in paragraph 35 of the Complaint and demands strict proof thereof.

36.    Defendant denies the allegations contained in paragraph 36 of the Complaint and demands strict proof thereof.

37.    Defendant denies the allegations contained in paragraph 37 of the Complaint and demands strict proof thereof.

38.    Defendant denies the allegations contained in paragraph 38 of the Complaint and demands strict proof thereof.

39.    Defendant denies the allegations contained in paragraph 39 of the Complaint and demands strict proof thereof.

40.    Defendant denies the allegations contained in paragraph 40 of the Complaint and demands strict proof thereof.

41.    Defendant denies the allegations contained in paragraph 41 of the Complaint and demands strict proof thereof.

42.    Defendant denies the allegations contained in paragraph 42 of the Complaint and demands strict proof thereof.

43.    Defendant denies the allegations contained in paragraph 43 of the Complaint and demands strict proof thereof. Moreover, Defendant denies that Plaintiff is entitled to any

relief from it in any form whatsoever and further denies that Plaintiff is entitled to any relief requested in the Complaint.

## COUNT II

### Negligent Supervision

44.    Defendant hereby incorporates by reference all prior paragraphs as if separately set forth herein.

45.    Defendant denies the allegations contained in paragraph 45 of the Complaint and demands strict proof thereof. Moreover, Defendant denies that Plaintiff is entitled to any relief from it in any form whatsoever and further denies that Plaintiff is entitled to any relief requested in the Complaint.

## COUNT III

### Promissory Fraud

### Fraud

46.    Defendant hereby incorporates by reference all prior paragraphs as if separately set forth herein.

47.    Defendant denies the allegations contained in paragraph 47 of the Complaint and demands strict proof thereof.

48.    Defendant denies the allegations contained in paragraph 48 of the Complaint and demands strict proof thereof.

49.    Defendant denies the allegations contained in paragraph 49 of the Complaint

and demands strict proof thereof.

50.    Defendant denies the allegations contained in paragraph 50 of the Complaint and demands strict proof thereof.

51.    Defendant denies the allegations contained in paragraph 51 of the Complaint and demands strict proof thereof.

52.    Defendant denies the allegations contained in paragraph 52 of the Complaint and demands strict proof thereof. Moreover, Defendant denies that Plaintiff is entitled to any relief from it in any form whatsoever and further denies that Plaintiff is entitled to any relief requested in the Complaint.

### COUNT IV

### Negligence Per Se

53.    Defendant hereby incorporates by reference all prior paragraphs as if separately set forth herein.

54.    Defendant denies the allegations contained in paragraph 54 of the Complaint and demands strict proof thereof.

55.    Defendant denies the allegations contained in paragraph 55 of the Complaint and demands strict proof thereof. Moreover, Defendant denies that Plaintiff is entitled to any relief from it in any form whatsoever and further denies that Plaintiff is entitled to any relief requested in the Complaint.

### COUNT V

8

**Violations of the Federal Truth in Lending Act**

56.    Defendant hereby incorporates by reference all prior paragraphs as if separately set forth herein.

57.    Defendant denies the allegations contained in paragraph 57, including those allegations contained in sub-paragraphs a. through j., of the Complaint and demands strict proof thereof.  Moreover, Defendant denies that Plaintiff is entitled to any relief from it in any form whatsoever and further denies that Plaintiff is entitled to any relief requested in the Complaint.

## COUNT VI

**Violations of the Real Estate Settlement Procedures Act**

58.    Defendant hereby incorporates by reference all prior paragraphs as if separately set forth herein.

59.    The allegations in paragraph 59 of the Complaint sate conclusions of law to which no response is required to the extent Plaintiff contends that Defendant violated the statutory provisions set forth in paragraph 59, such allegations are denied.

60.    Defendant denies the allegations contained in paragraph 60 of the Complaint and demands strict proof thereof.

61.    Defendant denies the allegations contained in paragraph 61 of the Complaint and demands strict proof thereof.

62.    Defendant denies the allegations contained in paragraph 62 of the Complaint

9

and demands strict proof thereof.

63.    Defendant denies the allegations contained in paragraph 63 of the Complaint and demands strict proof thereof. Moreover, Defendant denies that Plaintiff is entitled to any relief from it in any form whatsoever and further denies that Plaintiff is entitled to any relief requested in the Complaint.

## COUNT VII

### Violations of the Fair Credit Reporting Act

64.    Defendant hereby incorporates by reference all prior paragraphs as if separately set forth herein.

65.    Defendant denies the allegations contained in paragraph 65 of the Complaint and demands strict proof thereof.

66.    Defendant denies the allegations contained in paragraph 66 of the Complaint and demands strict proof thereof.

67.    Defendant denies the allegations contained in paragraph 67 of the Complaint and demands strict proof thereof.

68.    Defendant denies the allegations contained in paragraph 68 of the Complaint and demands strict proof thereof.

69.    Defendant denies the allegations contained in paragraph 69 of the Complaint and demands strict proof thereof. Moreover, Defendant denies that Plaintiff is entitled to any relief from it in any form whatsoever and further denies that Plaintiff is entitled to any relief

10

requested in the Complaint.

## COUNT VIII

### Violations of the Equal Credit Opportunity Act

70.     Defendant hereby incorporates by reference all prior paragraphs as if separately set forth herein.

71.     The allegations contained in paragraph 71 of the Complaint state legal conclusions to which no response is required.

72.     Defendant is without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 72 of the Complaint and therefore denies same.

73.     Defendant is without sufficient information or knowledge at this time to admit or deny the allegations in paragraph 73 of the Complaint and therefore denies same.

74.     Defendant denies the allegations contained in paragraph 74 of the Complaint and demands strict proof thereof.

75.     Defendant denies the allegations contained in paragraph 75 of the Complaint and demands strict proof thereof.

76.     Defendant denies the allegations contained in paragraph 76 of the Complaint and demands strict proof thereof. Moreover, Defendant denies that Plaintiff is entitled to any relief from it in any form whatsoever and further denies that Plaintiff is entitled to any relief requested in the Complaint.

## COUNT IX

11

### Damages

77.    Defendant hereby incorporates by reference all prior paragraphs as if separately set forth herein.

78.    Defendant denies the allegations contained in paragraph 78 of the Complaint and each of the sub-paragraphs thereunder and demands strict proof thereof.

79.    Defendant denies the allegations contained in paragraph 79 of the Complaint and demands strict proof thereof. Moreover, Defendant denies that Plaintiff is entitled to any relief from it in any form whatsoever and further denies that Plaintiff is entitled to any relief requested in the Complaint.

### PRAYER FOR RELIEF

80.    Defendant hereby incorporates by reference all prior paragraphs as if separately set forth herein.

81.    Defendant denies the allegations contained in paragraph 81 of the Complaint and each of the sub-paragraphs thereunder and demands strict proof thereof. Moreover, Defendant denies that Plaintiff is entitled to any relief from it in any form whatsoever and further denies that Plaintiff is entitled to any relief requested in the Complaint.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant.

### THIRD DEFENSE

Defendant is not guilty of any of the allegations made against it in the Complaint.

### FOURTH DEFENSE

Plaintiff's claims are barred by his own contributory negligence.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

### SIXTH DEFENSE

To the extent that Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than Defendant, including plaintiff's own contributory negligence.

### SEVENTH DEFENSE

Plaintiff's claims are barred to the extent they are based on the acts of third parties over whom Defendant has/had no control or right of control, of for whom it was not responsible.

### EIGHTH DEFENSE

Defendant pleads the applicable statute of limitations to each of Plaintiff's claims.

### NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver, set off, recoupment, estoppel, laches, and equitable subrogation.

### TENTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of accord and satisfaction,

payment, and/or release.

## ELEVENTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of ratification, consent, and acquiescence.

## TWELFTH DEFENSE

Plaintiff has not suffered any injury by reason of any act or omission by Defendant, and does not have any right or standing to assert the claims at issue.

## THIRTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Plaintiff has suffered no damages.

## FOURTEENTH DEFENSE

Plaintiff's recovery under the claims alleged in the Complaint is barred and/or limited due to his failure to mitigate his alleged damages.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by unclean hands and other equitable doctrines.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because he accepted the benefit of the transaction at issue.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the terms of the promissory note and mortgage which he signed.

14

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the Statue of Frauds and/or the parole evidence rule.

### NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by his voluntary payment of the sums in issue.

### TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's binding, voluntary agreement to the terms and conditions of the loan at issue.

### TWENTY-FIRST DEFENSE

To the extent Plaintiff's Complaint attempts to state a claim for fraud, it fails to comply wiht Rule 9(b) of the Federal Rules of Procedure, and does not give sufficient notice of the circumstances surrounding any alleged fraud.

### TWENTY-SECOND DEFENSE

Defendant's actions were justified and proper and are immune from liability.

### TWENTY-THIRD DEFENSE

Defendant is not liable because it acted in good faith at all times and in conformity with applicable rules, regulations and statutory interpretations.

### TWENTY-FOURTH DEFENSE

Defendant affirmatively invokes and asserts all defenses and rights created by and under the Truth-in-Lending Act (TILA), 15 U.S.C. §§ 1601, et seq., including, but not

limited to, the following defenses: the one-year statue of limitations; good faith conformity with the Federal Reserve Board rulings, regulations, and interpretations; bona fide efforts to prevent and/or correct error; unintentional violations; and bona fide errors notwithstanding the maintenance of procedures reasonably adopted to avoid any error.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are subject to arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., to the extent an arbitration clause exists in the contract underlying Plaintiff's claims.

### TWENTY-SIXTH DEFENSE

Some or all of Plaintiff's claims are preempted by federal law and/or the Alabama Consumer Credit Protection Act, Ala. Code § 5-19-1, et seq.

### TWENTY-SEVENTH DEFENSE

Defendant denies that its conduct was wanton, reckless, or negligent in any way.

### TWENTY-EIGHTH DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of the Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard, for the amount of the award. Therefore, the procedure pursuant to which

compensatory damages for mental suffering are awarded violates the Constitution because:

A.    It fails to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States;

B.    It fails to provide a specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

C.    It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and

D.    It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-NINTH DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff herein violates the due process clause of Article I, § 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against Defendants, it is unconstitutionally vague, it fails to provide specific standard in the amount of the award of damages and, it constitutes a deprivation of property without the due process of law.

## THIRTIETH DEFENSE

The Defendant avers as an affirmative defense the provisions of § 6-11-21, *Ala. Code (1975)*, as amended.

## THIRTY-FIRST DEFENSE

The Defendant avers as an affirmative defense the limitation of damages as provided

under § 6-11-21, *Ala. Code (1975)*, as amended.

## THIRTY-SECOND DEFENSE

The Plaintiff's demand herein for punitive damages violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama of 1901. The Plaintiff's claim for punitive damages herein is vague and not rationally related to any legitimate government interests.

## THIRTY-THIRD DEFENSE

The Plaintiff's demand herein for punitive damages violates the Sixth Amendment to the United States Constitution and Article I, Section 11 of the Constitution of Alabama of 1901. The Plaintiff's demand for punitive damages herein is penal in nature and deprives Defendant of the same procedural safeguards accorded to a criminal defendant under said federal and state constitutional provisions.

## THIRTY-FOURTH DEFENSE

The Plaintiff's demand for punitive damages violates the Self-Incrimination Clauses of the Fifth Amendment of the United States Constitution and Article I, Section 6 of the Constitution of Alabama of 1901. The punitive damages claimed by the Plaintiff is penal in nature. The Defendant is required to disclose documents and/or other evidence without the safeguard against self-incrimination provided for in said federal and state constitutional provisions.

## THIRTY-FIFTH DEFENSE

18

The Plaintiff's demand herein for punitive damages violates Article I, Sections 10 and 13 of the Constitution of Alabama of 1901.

### THIRTY-SIXTH DEFENSE

The Plaintiff's demand herein for punitive damages is unconstitutional under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama of 1901. Said Constitutional provisions prohibit the deprivation of life, liberty or property without due process of law. Punitive damages are penal in nature and require a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

### THIRTY-SEVENTH DEFENSE

The Plaintiff's demand herein for punitive damages is unconstitutional under the Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of Alabama of 1901.

### THIRTY-EIGHTH DEFENSE

The Defendant avers that the imposition of punitive damages under Alabama law is arbitrary and capricious. Inasmuch as there are no standards for fair and objective calculation of such damages and as the same are penal in nature, Plaintiff must show entitlement to the same by evidence beyond a reasonable doubt. Further imposition of punitive damages under Alabama law is contrary to the Due Process and Equal Protection clauses of both the Constitution of the United States of America and of the State of Alabama. Additionally, the

19

imposition of punitive damages under Alabama law, even with <u>Green Oil</u> and <u>Hammond</u>'s guidelines, is arbitrary and capricious leading to "grossly excessive" punitive damage awards, inasmuch as the jury is provided neither guidelines in reaching some rational ratio between compensatory and punitive damages nor some rational relation between Defendant's alleged conduct and the legitimate interest of the State to punish unlawful conduct and deter its repetition. <u>BMW of North America v. Gore</u>, 116 S.Ct. 1589 (1996).

### THIRTY-NINTH DEFENSE

Notions of judicial fairness, Due Process, and constitutional jurisprudence dictate that a person receive fair notice of not only the conduct that will subject it to punishment but also the severity of the penalty that a State may impose. This State/Federal Government provides no such notice to Defendant leading to "grossly excessive" punitive damage awards that violate the United States Constitution and its amendments. <u>BMW of North America v. Gore</u>, 116 S.Ct. 1589 (1996).

### FORTIETH DEFENSE

The procedures by which damages for mental anguish are awarded to a plaintiff in Alabama violate the due process rights secured to Defendant by the United States Constitution and the Constitution of the State of Alabama in that these procedures deprive Defendant of its property without due process of law by failing to provide the jury with adequate standards or guidelines by which to render such an award.

### FORTY-FIRST DEFENSE

Defendant contests the damages and injuries which are being asserted in Plaintiff's Complaint and demands strict proof thereof.

### FORTY-SECOND DEFENSE

Defendant asserts any statutory cap on damages enacted at present or subsequent to the filing of this Answer.

### FORTY-THIRD DEFENSE

Defendant pleads any other matter constituting an avoidance or affirmative defense.

### RESERVATION OF DEFENSES

**Defendant reserves the right to plead additional affirmative defenses as they become known in the course of discovery until a reasonable time following the conclusion of all factual discovery in this case.**

_____

BENJAMIN J. ESPY / ESP006
One of the Attorneys for Defendant, Morgan Title
Services, LLC

OF COUNSEL:

Joseph C. Espy, III / ESP002
MELTON, ESPY & WILLIAMS, P.C.
P. O. Box 5130
Montgomery, AL   36103-5130
(334) 263-6621
FAX: (334) 263-7252

21

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have served a copy of the foregoing upon the listed counsel of record, via CM/ECF and/or by placing same in the United States Mail, postage prepaid and properly addressed, on this the _26_ day of September, 2006:

Robert E. Kirby, Jr.
SMITH, HANSON & KIRBY
4401 Gary Avenue
Fairfield, AL 35064
bekatty@bellsouth.net

Chad W. Bryan
Richard H. Allen
CAPELL HOWARD
P.O. Box 2069
Montgomery, AL 36102-2069
cwb@chlaw.com
rha@chlaw.com

Stephen Andrew Walsh
ADAMS & REESE / LANG SIMPSON
2100 3rd Avenue North, Suite 1100
Birmingham, AL 35203-3367
stephen.walsh@arlaw.com

_____
Of Counsel