IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ELRICK HARRIS; | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:   2:06cv630-ID |
| | ) | |
| OPTION ONE MORTGAGE CORP., et al. | ) | (JURY TRIAL DEMANDED) |
| | ) | |
| Defendants. | ) | |

## NOTICE OF TAKING VIDEO 30(b)(6) DEPOSITION
## &
## 30(b)(5) DOCUMENT REQUEST

PLEASE TAKE NOTICE that, pursuant to Rules 30(b)(5)&(6) and 34, of the Federal Rules of Civil Procedure, Plaintiff will take the deposition of Defendant **MORGAN TITLE** upon oral examination before an officer authorized by law to administer oaths. Pursuant to Rule 30(b)(2) of the Federal Rules of Civil Procedure said deposition will be recorded by an authorized stenographer and videotaped.

Said deposition shall commence at **10:00 A.M. Local Time, on THURSDAY, January 11, 2007,** at a location of mutual agreement between the parties, and shall continue and/or be resumed from time to time thereafter until same is completed.

Pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure, Plaintiff includes herewith document requests pursuant to Rule 34 of the Federal Rules of Civil Procedure. Although included with, and as a part of this deposition notice, Plaintiff requests that **MORGAN TITLE** produce the documents requested in accordance with the Federal Rules and in compliance with the Parties agreement as memorialized in their Report of Planning Meeting filed with the court, and any subsequent Orders emanating therefrom. That is, said documents are to be produced no later than thirty (30) days from the date of service of this notice and document request. Plaintiff's counsel reserves the right to review all documents produced on the day of the deposition prior to commencement of testimony regardless of the time stated herein for the start of said deposition. The reasonable time expended by Plaintiff's counsel reviewing documents

produced the day of the noticed deposition shall not be subtracted from the total time allowed per deposition as set forth in the Report of Planning Meeting filed with the court, and any subsequent Orders emanating therefrom.

Plaintiff further requests, pursuant to Rule 30(b)(6), that MORGAN TITLE produce for deposition a witness, or multiple witnesses, knowledgeable and capable of providing substantive testimony about the documents and item categories requested below.  No less than five (5) days prior to the date of the deposition, Plaintiff request that MORGAN TITLE identify the individual(s) to be proffered and the subject matter known or reasonably available to MORGAN TITLE for which each witness proffered.

Plaintiff's detailed requests for documents and testimony below are subdivided into five (5) general categories.  Each category may require MORGAN TITLE to proffer more than one witness in order to comply with the Rules identified above.  Plaintiff does not expect MORGAN TITLE to produce in duplicate those documents previously produced pursuant to the required Initial Disclosures and/or any other discovery previously propounded by Plaintiff.

**Definitions**:

The following definitions are intended to explain and narrow the requests below. Nothing within these definitions is intended to expand or change the normal, usual or customary meaning of any word or phrase.  The intent of these definitions is to include mortgage lending terminology that may vary between lenders:

Loan Officer:  Is intended to include that category of employee and/or independent contractor which has as part of his or her responsibilities the origination of mortgage loans. Other names that you may use are loan representative, account executive, customer service representative, etc.

**Instructions**:

Plaintiff limit their inquiry in time and scope to the state of Alabama, and for a period of five (5) years next preceding the date Plaintiff's original 1003 application was obtained.

Any objections made to the production of documents or testimony requested below on the basis of confidentiality, privilege, work product, propriety information, trade secrets, privacy laws, or other grounds, should be stated precisely, with particularity, supported by authority and in sufficient detail to allow Plaintiff to formulate a response.  Said objections, if any, shall be

2

accompanied by a complete and descriptive log of each and every document or thing subject to your objection.

Where the following requests seek original documents, Plaintiff request that said originals, bearing original signatures, endorsements, and/or stamps, be produced at the deposition. Copies of those originals should be produced in advance of the deposition in accordance with Rules 34 and 30(b)(5) in order to expedite the depositions. <u>However, prior production of copies does not satisfy the request for that the original documents be made available at deposition</u>.

## **GENERAL AREAS OF INQUIRY**

**A.**   The closing and disbursements of Plaintiff's mortgage loan.

**B.**   This Defendant's standard operating procedures in the areas of: Employee selection and training; management review and monitoring of employees; and, supervision of employees related to closing and disbursing mortgage loans.

**C.**   This Defendant's quality control programs that include review and/or monitoring of the: closing, funding and disbursement of mortgage loans.

**D.**   This Defendant's standard operating procedures, training, staffing, management review, monitoring and supervision of compliance with state and federal laws including TILA, RESPA, ECOA, state predatory lending laws, and state unlawful or deceptive practices statutes.

**E.**   This Defendant's complaint, lawsuit, and regulatory history; your company and principles affiliations; and, your licensing and approval history and status.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS AND TESTIMONY**

**A.**   **Closing and disbursement of Plaintiff's loan**

   **1.**   Testimony and documents regarding all components and documents which are included in your files regarding Plaintiff's mortgage loan.

   **2.**   Produce the **original** closing documents purportedly executed by the Plaintiff, including the originals of any documents bearing a notary seal where the documents required such.

   **3.**   Produce all call logs that were generated as part of Plaintiff's mortgage loan.

3

4. Produce and provide testimony about all documents provided to Plaintiff at the closing of the mortgage loan.

5. Provide testimony and documents regarding each and every disclosure made to Plaintiff at closing that informed Plaintiff of the terms of his mortgage loan.

6. Provide testimony regarding the closing of the loan including but not limited to:

   a. The name, address, qualifications, and compensation of the closing agent, including the names of any bar associations to which he/she belongs;

   b. Any and all closing instructions you received;

   c. The attendees at the closing and their function;

   d. Details regarding the preparation of each closing document executed by Plaintiff; and,

   e. Any and all costs charged to the Plaintiff for the preparation of any such documents and the closing of the loan.

B. **Standard operating procedures, employee, selection and training, departmental staffing, management review and monitoring, and supervision related to closing and disbursement of loans**

   7. Produce testimony and documents regarding the retaining, contracting with, hiring, training, monitoring, reviewing, compensation, and supervising of employees and contractors, by whatever name known including but not limited to those employees assigned to close mortgage loans.

   8. Produce testimony and documents regarding the identity, addresses, experience and training of the closing agent who closed Plaintiff's loan.

   9. Provide testimony and documents that detail any and all communications between you, Plaintiff, Premier Mortgage, or OPTION ONE related to Plaintiff's loan. This request includes but is not limited to those communications which were conducted by the use of the U.S. Mail, the Internet, interstate telephone calls, or wire transfer. For each communication or transfer of information, data, or money, provide specific dates of each together with the individual names and addresses of each sender and recipient.

C. **Quality control programs that include review and/or monitoring of the closing and disbursement of loans**

   10. Provide testimony and documents regarding any and all quality control (QC) programs you have in place to review the quality and compliance of the closing and disbursing of loans that you close. This request seeks QC programs and

4

      reports that monitor and report the compliance of loan closers with your own rules and procedures, the rules and guidelines required by PREMIER MORTGAGE and OPTION ONE, as well as with any rules, laws, statutes, or regulations imposed by any governmental agency, legislature, and other law making body.

11. Produce all QC reports on Alabama mortgage loans closed by you for a period of five (5) years next preceding the date of Plaintiff's closing. This request includes but is not limited to those loans originated or funded by OPTION ONE and/or PREMIER MORTGAGE.

12. Produce testimony and documents regarding any and all outsourcing of the quality control function including the name and location of the vendor, the guidelines you provide, the reporting procedure followed, and the percentage of loans they review.

13. Testimony and documents regarding any and all quality control reviews, re-underwrites, re-processing reports, broker's price opinions, and/or other review performed on Plaintiff's loan.

14. Testimony and documents that explain any and all quality control requirements, reports, summaries, guidelines, mandates, results, or other direction given to you by OPTION ONE and/or PREMIER MORTGAGE.

15. Produce a complete list of the names and property addresses for each and every mortgage loan you closed within the State of Alabama for the five (5) years next preceding the date of Plaintiff's loan.

D. **Standard operating procedures, training, staffing, management review, and supervision related to compliance with state and federal lending laws including TILA, RESPA, ECOA, state predatory lending laws, and state deceptive or unlawful practices statutes**

16. Testimony and documents that describe the systems, procedures, and personnel, you use to ensure compliance with TILA, the Fair Credit Reporting Act, RESPA, and the ECOA, in the closing and disbursement of mortgage loans.

17. Testimony and documents that describe the systems, procedures, and personnel, you use to communicate your policies to loan closers including your own employees and external agents.

18. Testimony and documents that describe the systems, procedures, and personnel, you use to monitor or review the compliance of closing agents with your policies. Produce specifically any and all report forms that evidence the reporting format of such a review or monitoring system.

5

E. **This Defendant's complaint, lawsuit, and regulatory history; your company and principles affiliations; and, your licensing and approval history and status.**

19. Testimony and documents regarding any and all complaints, orders, investigations, and/or consent orders you have received, been the subject of, or entered into with regard to your mortgage lending practices. This requests includes but is not limited to any such matters involving any government agency or body including but not limited any State Attorney Generals, HUD, the FHA, the Federal Trade Commission, the U. S. Senate or any subcommittee thereof, any and all community action groups.

20. Testimony and documents regarding any and all complaints, orders, investigations, and/or consent orders you have received, been the subject of, instigated, conducted or entered into with regard to your mortgage closing activities.

21. Testimony and documents regarding the current status of your relationship with PREMIER MORTGAGE and OPTION ONE.

22. Testimony and documents regarding all licenses and approval you hold or have held including but not limited to those licenses and approval granted by the State of Alabama Department.

23. Testimony and documents regarding each and every lawsuit in which you or your principles and/or employees have been named as a defendant and in which the allegations within the complaint included allegations of fraud, concealment, negligence, and/or violation of any federal statute or regulation in the closing of mortgage loans.

Respectfully Submitted,

*/s/ Robert E. Kirby, Jr.*
ROBERT E. KIRBY, JR. (KIR013)
Attorney for Plaintiff
SMITH, HANSON & KIRBY, LLC
4401 Gary Ave.
Fairfield, AL  35064
Telephone:   (205) 786-3775
Fax:              (205) 780-8540
Email:          bekatty@bellsouth.net

**CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Counsel of Record*:
Stephen A. Walsh, Esq.          stephen.walsh@arlaw.com

Richard H. Allen, Esq.          rha@chlaw.com
                                roxie@chlaw.com
                                carolz@chlaw.com

Chad W. Bryan, Esq.             cwb@chlaw.com
                                melissa@chlaw.com
                                roxie@chlaw.com

Benjamin J. Espy, Esq.          bespy@mewlegal.com

Joseph C. Espy, III, Esq.       jespy@mewlegal.com
                                clucas@mewlegal.com


                                */s/ Robert E. Kirby, Jr.*
                                Of Counsel